**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PRESTON D. JACKSON, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| VICKIE V. BROWN, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:14-CV-3643-WSD-JFK |

**FINAL REPORT AND RECOMMENDATION**

Petitioner, Preston D. Jackson, challenges via 28 U.S.C. § 2254 the constitutionality of his 2013 Fulton County robbery conviction.  The matter is before the Court on the petition [1] and Respondent's answer response [6].  For the reasons stated below, the undersigned recommends that the petition be denied and that this action be dismissed.

**I.    Discussion**

Petitioner states that on June 17, 2013, he pleaded guilty in the Fulton County Superior Court to robbery and received a twenty-year sentence.  (Pet. at unnumbered page 1, ECF No. 1).  Plaintiff states that he did not file a motion for a new trial, file an appeal, or otherwise seek to challenge his conviction.  (Id. at 1-2)  On November

3, 2014, Petitioner signed and submitted for filing his federal habeas corpus petition, which is now before the Court.[1]  (Id. at 9).

In her response, Respondent requests that the action be dismissed as untimely because more than one year has passed since Petitioner's conviction became final on July 17, 2013, on expiration of his time to seek direct review.  (Resp't Resp. at unnumbered page 2, ECF No. 6).  Petitioner has not replied.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") a one-year statute of limitations applies to a habeas corpus action attacking a state conviction.  As stated at 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it.  Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014), cert. denied, _ U.S. _, 135 S. Ct. 241 (2014) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 1171 (2015). Actual innocence also provides an equitable exception, though rare, to AEDPA's time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating

3

that the petitioner must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)).[2]

Here, there is no indication that § 2244(d)(1)(B)-(D), equitable tolling, or the actual innocence exception apply. Petitioner's presentation of the procedural facts of his case and Respondent's response both show that Petitioner's conviction became final on July 17, 2013, on expiration of the thirty-day time period for filing a direct appeal from Petitioner's June 17, 2013, conviction. <u>See</u> 28 U.S.C. § 2244(d)(1)(A); O.C.G.A. § 5-6-38(a). Petitioner states that he did not seek state collateral relief, and, thus, he does not show that he is entitled to statutory tolling. Accordingly, to be timely, Petitioner's federal petition should have been submitted for filing by July 17, 2014. It is recommended that this action be dismissed because Petitioner's November 2014 federal petition is untimely by over three months.

---

[2]To show actual innocence, the petitioner must, "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[,]" demonstrate that "it is more likely than not that no reasonable juror would have convicted him . . . ." <u>Schlup</u>, 513 U.S. at 324, 327-28.

4

## II.    Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A certificate of appealability is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484).

The undersigned recommends that a COA should be denied because untimeliness is undebatable based on Petitioner's pleadings.  If the Court adopts this

5

recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

**III.    Conclusion**

For the reasons stated above,

It is **RECOMMENDED** that the instant petition for a writ of habeas corpus [1] be **DENIED** as untimely and that the action be **DISMISSED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 21st day of May, 2015.


JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)