IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PRESTON D. JACKSON,

        Petitioner,

v.                                   1:14-cv-3643-WSD

VICKIE V. BROWN,

        Respondent.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [8] ("R&R"). The R&R considers Petitioner Preston D. Jackson's ("Petitioner") Petition for Writ of Habeas Corpus [1] ("Petition") and Respondent Vickie V. Brown's ("Respondent") Answer [6]. The Magistrate Judge recommended that the Petition be dismissed as untimely. The Magistrate Judge recommended also that no Certificate of Appealability ("COA") be issued.

**I.    BACKGROUND**[1]

Petitioner, proceeding *pro se*, is incarcerated in the Effingham County

---

[1] The facts are taken from the R&R and the record. Petitioner has not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Prison, in Effingham County, Georgia. On June 17, 2013, Petitioner pleaded guilty to two counts of burglary, and was sentenced to a ten-year term of imprisonment and a ten-year term of probation, to be served concurrently with a separate sentence for robbery. (Pet. at 10; Resp't Answer at 1). Petitioner did not appeal his conviction or seek state collateral review. (Pet. at 2-4).

On November 3, 2014, Petitioner filed his Petition.[2] Petitioner claims that there was "no proper representation," he did not have any "knowledge of appeal," he "wanted to take [a] lie detector test," and "[t]he conviction of robbery was not even proven, [because there was] no evidence subjecting [Petitioner] to the crime." (Pet. at 6). Petitioner does not assert any factual allegations to support these claims.

On March 16, 2015, Respondent filed her Answer [6], asserting that the Petition should be dismissed as untimely because it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d).

On May 21, 2015, the Magistrate Judge issued her R&R, recommending that the Petition be dismissed as untimely because the one-year limitations period for

---

[2]   The Petition, while docketed on November 10, 2014, is deemed filed on November 3, 2014, the date Petitioner provided his Petition to prison officials for mailing. See Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

2

Petitioner to file his habeas petition expired on July 17, 2014.  The Magistrate Judge also determined that: (1) Petitioner is not entitled to equitable tolling because he did not seek collateral relief in state court, and (2) Petitioner is not entitled to the actual innocence exception to the limitations period.  The Magistrate Judge also recommended that a COA be denied.  Petitioner did not file any objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Petitioner did not object to the R&R and the Court thus reviews it for plain error.

B.  Analysis

1.  The R&R

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations to filing a habeas corpus action attacking a state conviction. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). The limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner pleaded guilty on June 17, 2013, and had thirty (30) days to appeal his conviction. See O.C.G.A. § 5-6-38(a). Because Petitioner did not appeal his

4

conviction, his conviction became final, for purposes of federal habeas corpus, on July 17, 2013, when the time for filing an appeal expired.  See id.  Petitioner did not seek state collateral review and, thus, the limitations period was not statutorily tolled under 28 U.S.C. § 2244(d)(2).  Because 28 U.S.C. § 2244(d)(1)(A) requires that federal habeas corpus petitions be filed within one (1) year of a conviction becoming "final," the Magistrate Judge concluded that the limitations period for Petitioner to seek federal habeas relief expired on July 17, 2014.  See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).  The Magistrate Judge recommended that the Petition be dismissed as untimely because Petitioner filed his Petition on November 3, 2014, more than three (3) months after the limitations period expired.  (R&R at 4).

A review of the record shows that the Magistrate Judge correctly calculated the one-year limitations period and correctly determined that statutory tolling did not apply.[3]  The Magistrate Judge also properly determined that the Petition was

---

[3]  In addition to statutory tolling, the AEDPA's limitations period is subject to equitable tolling, an "extraordinary remedy" which requires a petitioner to demonstrate both "(1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable circumstances."  Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006), modified on other grounds, 459 F.3d 1310 (11th Cir. 2006); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  Petitioner bears "the burden of establishing that equitable tolling [is] warranted."  See Pugh v. Smith, 465 F.3d 1295, 1300-01 (11th Cir. 2006).  Actual innocence also provides an equitable exception to the AEDPA's limitation period.  See United

untimely.  The Court does not find any plain error in these findings and conclusions.  See Slay, 714 F.2d at 1095.

    2.    Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. at 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

---

States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) (explaining that a petitioner's "actual innocence" may also lift the time bar that otherwise would prevent consideration of his federal habeas claims).  The Magistrate Judge found that Petitioner's time for filing did not toll because he did not seek state collateral review.  (R&R at 4).  The Magistrate Judge also found that Petitioner is not entitled to the actual innocence exception.  (Id.).  The Court finds no plain error in these findings and conclusions.  See Slay, 714 F.2d at 1095.

The Magistrate Judge concluded that the decisive procedural issue, untimeliness, was not debatable, and that a COA should not be issued. The one-year limitations period expired before Petitioner filed his Petition, rendering statutory tolling inapplicable, and Petitioner has failed to provide any support to show he is entitled to the extraordinary remedy of equitable tolling. The Court does not find any plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [8] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Preston D. Jackson's Petition for Writ of Habeas Corpus [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 6th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE